IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CHERYL DURBIN,** | § |
| *Plaintiff,* | § |
| v. | § CIVIL ACTION NO. 4:21-CV-00898 |
| | § JURY |
| **CLEAR BLUE INSURANCE COMPANY,** | § |
| *Defendant.* | § |

## DEFENDANT CLEAR BLUE INSURANCE COMPANY'S
## FIRST AMENDED ANSWER

Defendant Clear Blue Insurance Company ("Clear Blue" or "Defendant") files this, its First Amended Answer, and would respectfully show unto the court the following:

### DISCOVERY CONTROL PLAN

1. Paragraph 1 of Plaintiff's Original Petition ("Petition") is not applicable to this case as it is in Federal Court.

### PARTIES

2. The allegation contained in Paragraph 2 of the Plaintiff's petition is admitted upon information and belief.

3. The allegation contained in Paragraph 3 of the Plaintiff's petition that Clear Blue is a foreign insurance company engaged in the business of insurance in Texas is admitted.

### JURISDICTION

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's petition that Clear Blue is engaged in the business of insurance in Texas and that Clear Blue issued the Policy at issue.

1

## VENUE

5. The allegations contained in Paragraph 5 of the Plaintiff's petition are admitted upon information and belief.

## FACTS

6. The allegations contained in Paragraph 6 of the Plaintiff's petition denied.

7. The allegations contained in Paragraph 7 of the Plaintiff's petition are admitted in that Clear Blue issued the subject policy.

8. The allegations contained in Paragraph 8 of the Plaintiff's petition are admitted in that Clear Blue issued the subject policy. The remaining allegations are denied.

9. The allegations contained in Paragraph 9 of the Plaintiff's petition are admitted in that Plaintiff filed a claim and a claim number was assigned to the claim.

10. The allegations contained in Paragraph 10 of the of the Plaintiff's petition are admitted in that Plaintiff filed a claim and a claim number was assigned to the claim.

11. The allegations contained in Paragraph 11 of the Plaintiff's petition are denied.

12. The allegations contained in Paragraph 12 of the Plaintiff's petition are denied.

13. The allegations contained in Paragraph 17 of the Plaintiff's petition are denied.

14. The allegations contained in Paragraph 14 of the Plaintiff's petition are denied.

15. The allegations contained in Paragraph 15 of the Plaintiff's petition are denied.

16. The allegations contained in Paragraph 16 of the Plaintiff's petition are denied.

17. The allegations contained in Paragraph 17 of the Plaintiff's petition are denied.

18. The allegations contained in Paragraph 18 of the Plaintiff's petition are denied.

19. The allegations contained in Paragraph 19 of the Plaintiff's petition are denied.

20. The allegations contained in Paragraph 20 of the Plaintiff's petition are denied.

21. The allegations contained in Paragraph 21 of the Plaintiff's petition are denied.

22. The allegations contained in Paragraph 22 of the Plaintiff's petition are denied.

23. The allegations contained in Paragraph 23 of the Plaintiff's petition are denied.

24. The allegations contained in Paragraph 24 of the Plaintiff's petition are denied.

25. The allegations contained in Paragraph 25 of the Plaintiff's petition are denied.

26. The allegations contained in Paragraph 26 of the Plaintiff's petition are denied.

27. The allegations contained in Paragraph 27 of the Plaintiff's petition are denied.

28. The allegations contained in Paragraph 28 of the Plaintiff's petition are denied.

29. The allegations contained in Paragraph 29 of the Plaintiff's petition are denied.

30. The allegations contained in Paragraph 30 of the Plaintiff's petition are denied.

31. The allegations contained in Paragraph 31 of the Plaintiff's petition are denied.

32. The allegations contained in Paragraph 32 of the Plaintiff's petition are denied.

33. The allegations contained in Paragraph 33 of the Plaintiff's petition are denied.

34. Defendant incorporates by reference its responses to each and every foregoing paragraph as if fully set forth herein. The allegations contained in Paragraph 34 of the Plaintiff's petition are denied.

35. The allegations contained in Paragraph 35 of the Plaintiff's petition are denied.

36. The allegations contained in Paragraph 36 of the Plaintiff's petition are denied.

37. The allegations contained in Paragraph 37 of the Plaintiff's petition are denied.

38. The allegations contained in Paragraph 38 of the Plaintiff's petition are denied.

39. The allegations contained in Paragraph 39 of the Plaintiff's petition are denied.

40. The allegations contained in Paragraph 40 of the Plaintiff's petition are denied.

41. The allegations contained in Paragraph 41 of the Plaintiff's petition are denied.

42. The allegations contained in Paragraph 42 of the Plaintiff's petition are denied.

43. The allegations contained in Paragraph 43 of the Plaintiff's petition are denied.

44. The allegations contained in Paragraph 44 of the Plaintiff's petition are denied.

45. The allegations contained in Paragraph 45 of the Plaintiff's petition are denied.

46. The allegations contained in Paragraph 46 of the Plaintiff's petition are denied.

47. The allegations contained in Paragraph 47 of the Plaintiff's petition are denied.

48. Defendant incorporates by reference its responses to each and every foregoing paragraph as if fully set forth herein. The allegations contained in Paragraph 48 of the Plaintiff's petition are denied.

49. The allegations contained in Paragraph 49 of the Plaintiff's petition are denied.

50. The allegations contained in Paragraph 50 of the Plaintiff's petition are denied.

51. The allegations contained in Paragraph 51 of the Plaintiff's petition are denied.

52. The allegations contained in Paragraph 52 of the Plaintiff's petition are denied.

53. The allegations contained in Paragraph 53 of the Plaintiff's petition are denied.

54. The allegations contained in Paragraph 54 of the Plaintiff's petition are denied.

55. The allegations contained in Paragraph 55 of the Plaintiff's petition are denied.

56. The allegations contained in Paragraph 56 of the Plaintiff's petition are denied.

57. The allegations contained in Paragraph 57 of the Plaintiff's petition are denied.

58. The allegations contained in Paragraph 58 of the Plaintiff's petition are denied.

59. The allegations contained in Paragraph 59 of the Plaintiff's petition are denied.

60. The allegations contained in Paragraph 60 of the Plaintiff's petition are denied.

61. The allegations contained in Paragraph 61 of the Plaintiff's petition are denied.

62. The allegations contained in Paragraph 62 of the Plaintiff's petition are denied.

63. The allegations contained in Paragraph 63 of the Plaintiff's petition are denied.

## REQUESTS FOR DISCLOSURE

64. Paragraph 64 of Plaintiff's Petition is not applicable to this case as it is in Federal Court.

## JURY DEMAND

65. Defendant admits that Plaintiff gave notice of its demand for a jury trial as stated in Plaintiff's Petition Paragraph 65.

## PRAYER

66. No response is required to Plaintiff's Prayer. To the extent a response is required, Defendant denies that Plaintiff is entitled to such relief and denies the allegations in the Prayer.

## DEFENSES

67. As a specific defense, Defendant asserts that Plaintiff's pleadings fail to state facts sufficient to entitle Plaintiff to an award of punitive damages. Defendant further specifically pleads that in the unlikely event it is held liable in the above-referenced matter, the damages recoverable should be limited to the amounts and conditions set forth in Chapter 41.001, *et. seq*. of the Texas Civil Practices and Remedies Code, or its predecessor and/or subsequent or related provisions of the Texas Civil Practices and Remedies Code.

68. As a specific defense, Defendant asserts that Plaintiff's claims for punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages. The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitutions of the State of Texas in one or more of the following respects, to wit:

a)  Due process requires proof of gross negligence and punitive damages by a standard greater than the "preponderance of the evidence" standard. Due process requires proof of such claims by at least clear and convincing evidence standard of proof.

b)  The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the law constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States; and the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

69. By way of affirmative defense to Plaintiff's claims of a breach of duty of good faith and fair dealing and for violation of the Texas Insurance Code, Defendant asserts the existence of a *bona fide* dispute. The existence of a bona fide dispute precludes Plaintiff from recovering against Defendant on any extra-contractual claims.

70. By way of additional defense, Defendant pleads and incorporates herein all terms, definitions, and conditions of the Policy of insurance and may rely on any of the terms found therein.

71. Defendant asserts that Plaintiff failed to mitigate her damages.

72. To the extent that Plaintiff seeks compensation for property damages that pre-existed the date of loss at issue in this lawsuit, Defendant pleads that such damages are barred by the fortuity doctrine which bars known losses or losses in progress. Under the fortuity doctrine, coverage is precluded where the Plaintiff is, or should be, aware of an ongoing progressive loss or known loss at the time the policy is purchased. To the extent that Plaintiff seeks amounts from Defendant for damages from settlement, wear, tear and deterioration, pre-existing damages, or lack of maintenance which occurred prior to the inception of the policy, such damages are barred.

73. Defendant specifically denies that it waived or that it is estopped from asserting policy defenses or any other provision or requirement of the Policy based on any actions or conduct.

74. Plaintiff's claims are barred in whole or in part because the Policy only insures covered loss commencing during the Policy.

75. Further, Defendant pleads the affirmative defense of the doctrine of unclean hands. To the extent that Plaintiff seeks compensation for property damages that pre-existed the date of loss at issue in this lawsuit, or for damages that Plaintiff knew or should have known to be caused by a non-covered or excluded peril, Defendant pleads that such damages are barred by the doctrine of unclean hands.

76. Defendant asserts that Plaintiff's claims are barred in whole or in part by the warranties, terms, definitions, provisions, conditions, exclusions and limitations of the Policy. Defendant incorporates the Policy fully herein as if such were fully set forth herein, *in extenso*. Under Texas law an insured has a duty to read an insurance policy and is charged with knowledge of its contents. Defendant asserts that any claim which is based upon a representation, inducement, or reliance on a representation fails as a matter of law, since Plaintiff is charged with knowledge of the contents of the insurance policy at issue.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Clear Blue Insurance Company prays that upon final trial and hearing hereof, Plaintiff recover nothing from it, and that it go hence without delay and recovers costs of court and other such further relief, both general and special, to which it may be justly entitled.

Respectfully submitted,

By: /s/ Rhonda J. Thompson
**Rhonda J. Thompson,** *Attorney-In-Charge*
State Bar No. 24029862
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: rthompson@thompsoncoe.com

Of Counsel:
**Susan Sparks Usery**
State Bar No. 18880100
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299
Email: susery@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
CLEAR BLUE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 28, 2021, a true and correct copy of the foregoing instrument was served upon all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

Chad T. Wilson
Robert House
CHAD T. WILSON LAW FIRM, PLLC
455 E. Medical Center Blvd., Ste. 555
Webster, TX 77598
cwilson@cwilsonlaw.com
rhouse@cwilsonlaw.com
*Attorneys for Plaintiff*

/s/ Rhonda Thompson
Rhonda Thompson

8